USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
MARY E. BASELICE,

                            Plaintiff,

            -against-

ASTRAZENECA LP,

                           Defendant.

------------------------------------------------------------ X

No. 19-cv-04931-JPO-SN

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, documents and information may be produced by Plaintiff Mary E. Baselice ("Plaintiff" of "Baselice"), Defendant AstraZeneca Pharmaceuticals LP ("AZPLP")[1] (incorrectly named in the Complaint as AstraZeneca LP) ("Defendant" or "AstraZeneca"), and their attorneys, voluntarily or pursuant to discovery proceedings, which are of a confidential, proprietary, personal, or private nature to both parties and Defendant's current and former employees, independent contractors and/or clients; and

WHEREAS, the parties are willing to enter into this Stipulation of Confidentiality and Protective Order ("Confidentiality Agreement" and/or "Protective Order") in the interest of facilitating the receipt of discovery in connection with the above-captioned action ("Action").

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned Action, and by and between their undersigned counsel, that:

1.     Once approved by Order of the Court, this Confidentiality Agreement shall govern all information, answers, documents, testimony, and other discovery material produced

---

[1] AZPLP is a U.S. wholly owned affiliate of AstraZeneca PLC ("AstraZeneca").

by any party to the above-entitled Action in response to any discovery request or interrogatory made pursuant to the Federal Rules of Civil Procedure or by agreement of counsel.

2. Whenever, in the opinion of any party to this Action or any individual or entity producing documents in this Action ("Producing Party"), information, answers, documents, testimony, or other discovery material would reveal information that such party, individual or entity considers confidential information (the "Designating Party"), including proprietary or sensitive business, personal, medical, or personnel information or any extracts or summaries thereof, the Designating Party shall have the right to designate such information as confidential ("Confidential Material"). The party to whom such Confidential Material is disclosed (the "Receiving Party") and its undersigned counsel shall maintain the Confidential Material pursuant to the terms of the Confidentiality Agreement.

3. The designation of Confidential Material shall be made by marking each page of a document wherein such Confidential Material is contained with the words "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL." Any document, answer to an interrogatory, answer to request for admissions, or any portion of any deposition transcript containing a designation of confidential information contained therein, and any copies, summaries, charts or notes made therefrom, shall be deemed to be Confidential Material and treated as such pursuant to the terms of this Confidentiality Agreement. The provisions of the Confidentiality Agreement, however, shall not apply to a Designating Party's own use of Confidential Material designated as confidential by such party and shall not prohibit either party from using material already in its possession prior to this litigation in any other litigation, mediation or legal proceedings. Notwithstanding the provisions set forth in this paragraph, the Parties expressly agree that all

medical documentation shall be deemed confidential, regardless of any formal designation or marking contained on said documentation.

4. Confidential Material may, for the purpose of this Action, be disclosed to (a) the Court, (b) any court reporters before whom depositions or other proceedings in this Action are conducted, (c) the undersigned counsel, including such attorneys' stenographic, paralegal, clerical, and other employees who have direct, functional responsibility for the preparation and trial of this Action or any appeal therefrom, (d) the Parties, including present and former employees of the Parties, (e) any fact witnesses in connection with preparation for or giving of his or her potential testimony in this Action, and counsel for such witnesses, (f) expert witnesses or consultants employed in connection with these actions, including those working under the direct supervision of such expert witnesses or consultants; and (g) mediators, if any, retained by the parties for the purposes of this Action. Disclosure to former employees, fact witnesses, and expert witnesses or consultants – as these terms are defined above – shall be made only in accordance with the procedure set forth in paragraph 5 of the Confidentiality Agreement. The consent of the undersigned counsel to this Confidentiality Agreement shall be deemed binding upon such attorneys' stenographic, paralegal, clerical, and other employees.

5. Confidential Material shall be disclosed to the parties, fact witnesses, and expert witnesses or consultants – as these terms are defined above – only under the conditions set forth below:

> Prior to disclosure of Confidential Material to any individual, the attorney making the disclosure shall advise that individual that, pursuant to the Confidentiality Agreement, such individual may not divulge the Confidential Material to any other person, and such individual shall execute a written confidentiality agreement in the form annexed hereto as Attachment A and subscribed by the attorney for the Receiving Party in the form set forth in Attachment A. Each original, executed confidentiality agreement

shall be maintained in the files of the Receiving Party and shall be available for review by all counsel and parties upon reasonable notice. Absent compliance with these conditions, no disclosure shall be permitted, unless otherwise ordered by the Court.

6. At any deposition, any party may designate portions of the testimony as Confidential Material. The portions of the deposition so designated shall be transcribed in a separate transcript and marked as set forth in paragraph 3 of this Confidentiality Agreement.

7. If a party asserts confidentiality with respect to all or any portion of deposition testimony or deposition exhibits, the party asserting such confidentiality shall, during the deposition or within thirty (30) days after receipt of the deposition transcripts, designate with specificity the portions of the deposition testimony or deposition exhibits with respect to which confidentiality is asserted. Until thirty (30) days after receipt of the deposition transcript by counsel for the Parties, the transcript and exhibits shall be treated as confidential in their entirety.

8. Use of all Confidential Material shall be limited to this Action and such material shall not be used in connection with any other actions or for any purpose unrelated to this Action. The provisions of this Confidentiality Agreement, however, shall not apply to a Designating Party's own use of such material designated as confidential by such party.

9. Any party may object to the designation of the specific material as confidential by serving a written objection on the Designating Party or its counsel. If the non-Designating Party objects in accordance herewith, and the Designating Party fails to agree within fourteen (14) days of its receipt of the objecting party's written objection, to remove or modify the designation in accordance with the objection, then the objecting party may move the Court for an Order to declare such material not confidential.

10. If Confidential Material in the possession of any party is responsive to any subpoena or any other form of compulsory process of the court, or any other administrative,

regulatory, self-regulatory or judicial body, of it any other person or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or injury is directed shall, to the extent possible, give written notice to all parties within five (5) business days of receipt of such process or inquiry. Upon receiving such notice, the Designating Party will bear the burden to timely oppose compliance with the subpoena, other compulsory process, or other legal notice, if it seems appropriate to do so. In the event the Designating Party does not timely oppose compliance then the Receiving Party may comply.

11. Pleadings, motion papers or other filings (including exhibits) that disclose Confidential Material shall be subject to the terms of this Protective Order and shall be filed in a manner designed to protect such information from disclosure by: (a) affixing a legend indicating the appropriate individual pages of each of the pleadings, motion papers or other filing at the time of filing; and (b) written statement of counsel for a party at the time of, or prior to filing, indicating that the motion papers or other filing is to be treated as Confidential Material. Where possible, only the portions of filings (including affidavits and memoranda of law) containing Confidential Material shall be designated and filed in this manner, in accordance with the Protective Order.

12. The Court also retains discretion whether to afford confidential treatment to any material designated as Confidential Material and submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

13. The use of Confidential Material as evidence at trial shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

14. In filing Confidential Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Material ("Confidential Court Submission"), the Parties shall comply with the Southern District of New York's ECF Rules and Instructions.

15. In the event either party discovers that it has produced Confidential Material that has not been designated as confidential as set forth in paragraph 3, that side may, within thirty (30) days of the discovery of such production, designate the material as confidential by subsequent notice in writing specifically identifying the material and furnishing the correct designation, in which point the Parties shall henceforth treat such material as Confidential Material in accordance with this Confidentiality Agreement, and shall use their best efforts to retrieve any disclosure, dissemination, or use of such material that occurred prior to redesignation. In addition, the inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver, in whole or in part, of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

16. In the event that a party producing documents discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the Producing Party shall notify the Receiving Party as soon as it becomes aware of the error and provide a privilege log to the Receiving Party that complies with the FRCP. The Receiving Party shall return all copies of the information or documents to the producing party within fourteen (14) days of receipt of such notice. However, within fourteen (14) days of receipt of such notice, if the Receiving Party wishes to challenge the Producing

Party's assertion of privilege, the Receiving Party may, with notice to the Producing Party, provide the Court with one copy of the disputed privileged material for in camera review together with an explanation as to why the document should not be deemed privileged. The Producing Party shall then have fourteen (14) days to make submission to the Court why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege or work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the Receiving Party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

17. Any Confidential Material produced by any party which contains highly sensitive and non-public information, trade secrets, or private personnel information may be designated in writing as "ATTORNEYS' EYES ONLY" or "ATTORNEY'S EYES ONLY" (individually and collectively "ATTORNEYS' EYES ONLY"). Examples of the types of information that may be designated as "ATTORNEYS' EYES ONLY" include, but are not limited to:

    a. Highly sensitive, non-public communications, including privileged communications;

    b. Proprietary information containing trade secrets of a party;

    c. Personnel information incorporating trade secrets of a party;

    d. Marketing and business plans of a party;

    e. Documents or information pertaining to the trade secrets of a party's client or potential client;

    f. Medical records; and

g. Private or sensitive personnel records or data, including compensation records or data of persons not party to this action except current or former AstraZeneca employees.

18. Discovery Material designated as "ATTORNEYS' EYES ONLY" shall be held in the strictest confidence, kept securely, and shall be used solely for the purposes of this litigation and not for any commercial, business, competitive or other purpose, nor in any other judicial or administrative proceeding, arbitration, dispute, action, or case. Discovery Material designated as "ATTORNEYS' EYES ONLY" shall be disclosed only to those persons identified in Paragraph 19 below. No person shall, for itself or any other person or persons acting on its behalf, make more copies of any Confidential Material designated as "ATTORNEYS' EYES ONLY" than are reasonably necessary to conduct this litigation.

19. Discovery Material designated as "ATTORNEYS' EYES ONLY," including summaries thereof, shall be limited to the following persons:

   a. The Court and its personnel;
   b. Counsel for the respective Parties (including in-house counsel) and their employees;
   c. Stenographic reporters engaged for any proceedings necessary to the conduct of this matter; and
   d. Plaintiff and deposition witnesses.

20. If any party, or such party's counsel, objects to the designation of Discovery Material as "ATTORNEYS' EYES ONLY," or objects to the disclosure of such material to any non-attorney in this action, the parties shall meet and confer in an effort to resolve any such dispute. The party designating Discovery Material as "ATTORNEYS' EYES ONLY" bears the

burden of demonstrating that the Discovery Material contains highly sensitive and non-public information, trade secrets, or private or sensitive personnel information. If the parties are unable to resolve such dispute, the objecting party may bring a motion or other action to have the contested information declared non-"ATTORNEYS' EYES ONLY" pursuant to this Agreement. Unless and until an order is entered to the contrary, the Discovery Material shall be treated as "Attorneys' Eyes Only" material pursuant to this Agreement.

21. Upon settlement or final disposition of this Action, including all appeals therefrom, counsel for each Receiving Party shall assemble and either destroy or return to counsel for the Designating Party all Confidential Material (including all copies, extracts, abstracts, charts and summaries of such material, whether written or otherwise recorded, except for attorney work product). Alternatively, counsel for each Receiving Party may maintain said documentation in confidence until it is destroyed. If the Receiving Party elects to destroy any of the documents (including all copies, extracts, charts, and summaries thereof), that party shall certify in writing to the Designating Party that he has done so, and shall certify that he retains no such documents, including all copies, extracts, abstracts, charts, and summaries thereof.

22. No part of the restrictions imposed by this Confidentiality Agreement may be terminated, except by written stipulation executed by counsel for the Parties, or by an order of this Court for good cause shown. This Confidentiality Agreement will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Material is produced or disclosed.

23. Nothing in this Confidentiality Agreement shall prevent or restrict the persons subject to it from seeking at any time, by petition to the Court upon notice to all parties, to modify the restrictions provided herein on the disclosure of specific Confidential Material.

24. This Confidentiality Agreement shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason other than confidentiality. This Confidentiality Agreement may be changed by further agreement of the parties or by Order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. Nothing contained in this Confidentiality Agreement shall affect or restrict the rights of any party with respect to its own documents.

26. No act carried out under this Agreement shall be construed as an admission that: (a) any information, document or the like designated as Confidential Material is in fact confidential; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

27. Nothing herein shall be deemed to waive any applicable privilege. Moreover, neither the taking of nor the failure to take any action to challenge any designation of confidentiality pursuant to this Confidentiality Agreement shall constitute a waiver of any rights, claims, defenses or privileges by any party in this Action or any other action.

28. The provisions of this Protective Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Confidentiality Agreement and Protective Order or any provision hereof.

29. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Protective Order is achieved.

30. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or

to apply to the Court for an order compelling production of documents; or for the modification or the relaxation of this Protective Order.

31. Any copy, reproduction, PDF, fax, email or otherwise will be deemed an original and this stipulation may be filed with the Court upon full execution.

| | |
|---|---|
| **ALLEN & DESNOYERS LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| By:/s/ *Denise D'Ambrosio* | By:/s/ *John P. Guyette* |
| Denise D'Ambrosio<br>Patrick Kehoe<br>90 State Street<br>Suite 109<br>Albany, New York 12207<br>Tel.: (518) 426-2288<br>denise@allendesnoyers.com<br>patrick@allendesnoyers.com | Blair J. Robinson<br>John P. Guyette<br>101 Park Avenue<br>New York, New York 10178<br>Tel.: (212) 309-6000<br>Fax: (212) 309-6001<br>blair.robinson@morganlewis.com<br>john.guyette@morganlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

January 27, 2020
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARY E. BASELICE,

                                                      Plaintiff,    No. 19-cv-04931-JPO-SN

        -against-

ASTRAZENECA LP,

                                                      Defendant.

------------------------------------------------------------------X

       I hereby acknowledge that I received a copy of the annexed Stipulation of Confidentiality and Protective Order ("Confidentiality Agreement" or "Protective Order") for the above-captioned action. I have thoroughly reviewed its terms, and I agree to abide by those terms. I will not utilize any documents or other information designated as "Confidential" for any purpose other than this litigation, and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. I further affirm that I will not reveal any confidential information to, nor discuss it with, any person, except as allowed under the terms of the Confidentiality Agreement. By acknowledging these obligations under the Confidentiality Agreement, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York, for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Agreement could subject me to punishment for contempt of Court.

Dated: _____

Signed: _____

Name: _____

Title: _____