# EXHIBIT X



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

MARY E. BASELICE,
                               Complainant,
              v.

ASTRAZENECA,
                               Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10197722

Federal Charge No. 16GB900465

      On 7/26/2018, Mary E. Baselice filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named Respondent with an unlawful discriminatory practice relating to employment because of disability, familial status, pregnancy-related condition, and sex in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

      After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the Respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

      The evidence gathered during the course of the investigation is not sufficient to support the Complainant's allegations of unlawful discrimination in relation to employment on the bases of disability, familial status, pregnancy-related condition, and sex.

      The Complainant was hired by the Respondent on October 4, 2010 and was employed by the Respondent as a Pharmaceutical Sales Representative. She alleges that she was improperly terminated on February 15, 2018. The Complainant was a sales representative for the Respondent for over (7) years, providing sales coverage for the Upper East Side of Manhattan. The Complainant's Manager, Beth Rumore prepared Coaching Reports for the Complainant monthly between January 2017 and January 2018. The Complainant asserts that the Coaching Reports, as well as the End of Year Reviews for the years between 2012 and 2016 describe the Complainant's performance as "Effective." Ms. Rumore's comments to the Complainant in the Coaching Reports are consistently positive, commending the Complainant for her consistent

adoption and implementation of Ms. Rumore's coaching suggestions, resulting in regular improvements in performance.

The Complainant alleges that shortly after informing her Manager that she was 4 ½ months pregnant, the Complainant was summarily summoned to a meeting with Ms. Rumore, Ms. Rumore's supervisor Andrew Strow, and Karen Belkmap from the Respondent's Human Resources Department (who participated by telephone).

Notwithstanding being surprised with such a meeting, for which she received no advance agenda, the Complainant truthfully and candidly answered each question presented to her concerning her employment activities. The main points of the interrogation seemed to center around two missed phone calls and office-visit log entries, each of which the Complainant was able to explain with particularity. The Complainant explained that one missed call was because she was on an office-visit where cellular service is not available (a fact acknowledged by Ms. Rumore from her own experience) and one instance where the call was received while she was in a meeting at a doctor's office. To the best of the Complainant's recollection, each missed call was promptly returned. The Complainant also explained that during the early months of her pregnancy, she was frequently sick in the morning, however, she was able to work around these sicknesses and maintain her full schedule with limited (in any) disruption. She explained the office-visit log entry questions, detailing when the office visits involved only administrative activities, such as scheduling future appointments with a doctor's staff and dropping off literature or coupons (with staff) at a doctor's request. Regardless, the Complainant has a right to expect a reasonable degree of accommodation with respect to her pregnancy, and her conduct in-light-of her limitations was unquestionably reasonable (especially as compared to Ms. Belkmap's assertion that if the Complainant felt sick during a doctor's office visit, she could simply go outside to throw up on the sidewalk and return to the doctor's office for validation of the visit).

The Complainant alleges that the Respondent, apparently unmoved by the Complainant's satisfactory explanations during the surprise interrogation, her long tenure with the Respondent, her consistently positive performance reviews, or her efforts to maintain her work obligations despite struggling with the effects of her pregnancy, including morning sickness, the Complainant was informed, following a cursory discussion in her absence, that she was being terminated effective immediately, for "misconduct." The Complainant was informed that she would not be provided any severance payment or benefits, nor would she be paid the Fourth Quarter Bonus (2017), which she had already earned. The Complainant summarizes that she worked for the Respondent for seven years, received positive performance reviews until she informed her supervisor that she was 4 ½ months pregnant. Less than a month after making this notification to her supervisor, the Complainant was summarily dismissed for the undefined, pretextual reason of "misconduct." The Complainant alleges that the Respondent unlawfully terminated her employment in violation of the Human Rights Law.

The Respondent denies the Complainant's allegations of unlawful discrimination and provided non-discriminatory reasons for its actions. According to the Respondent, the Complainant's employment was terminated due to her well documented and consistent inability to follow her Manager's direction and failure to abide by the company's guidelines for her position. After a thorough investigation, the Respondent held the well-grounded belief that the

CONFIDENTIAL                                                                                                    AZ_Baselice 00000013

Complainant was not working full days and was back entering calls in violation of the PSSs Work Expectations.

The Division's investigation did not reveal sufficient evidence that the Respondent's reasons for its actions are unworthy of credence and a mere pretext for unlawful discrimination. The Respondent articulated the events, and performance issues, in detail, that led to the termination of the Complainant's employment. The investigation supports that the Complainant's performance issues for which she was ultimately terminated, predated her pregnancy. Moreover, the Respondent supported its position with documentation of the Complainant being coached and directed to enter calls as they occur, and to be sure the calls are submitted.

The Division's investigation did not reveal sufficient evidence of a causal nexus between the Respondent's actions and the Complainant's disability, familial status, pregnancy-related condition, or sex. The investigation revealed that the Complainant maintains that her employment was terminated due to her pregnancy because her employment was terminated within a month of her informing the Respondent that she was pregnant, and she had received positive evaluations. This temporal proximity, although it may suggest an inference of discrimination, does not show that the Respondent's reasons for terminating the Complainant's employment was mere pretext for unlawful discrimination. The investigation revealed that although the Complainant's evaluations were mostly positive, the Complainant's performance issues, coaching, and her supervisor's directives were documented on numerous occasions. The Complainant did not make any specific allegations of requesting and/or being denied a reasonable accommodation, including maternity leave.

Significantly, the investigation revealed that the Complainant had previously been pregnant while employed by the Respondent, allowed to take maternity leave and return to work. The Complainant was further allowed to take time off during the day to nurse her child. The investigation supports that the Complainant's supervisor, whom she alleges discriminated against her, is also female. The investigation revealed that the Complainant's supervisor also supervised another PSS who became pregnant while employed by the Respondent, and that employee's employment was not terminated. The evidence gathered during the investigation supports that the Respondent does maintain a discriminatory animus against its employees due to pregnancy. The Complainant's belief and conclusory allegations that she was discriminated against because of her pregnancy is not sufficient to establish a nexus to the Respondent's actions. In light of the Respondent providing a non-discriminatory reason for its actions, which was not shown to be a mere pretext for unlawful discrimination, a determination of no probable cause is warranted.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human

CONFIDENTIAL                                                                                         AZ_Baselice 00000014

Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Americans with Disabilities Act (ADA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 02/24/19
Brooklyn, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
William LaMot
Regional Director

-4-

CONFIDENTIAL					AZ_Baselice 00000015